**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TWO MEN AND A TRUCK
INTERNATIONAL, INC.,**

      **Plaintiff,**

**vs.**                                                        **Case No. 4:08cv67-WS/WCS**

**RESIDENTIAL & COMMERCIAL
TRANSPORT COMPANY, LLC,
a Florida limited liability company,,**

      **Defendants.**

                                           **/**

## REPORT AND RECOMMENDATION

Discovery in this case ended on September 15, 2008.  Doc. 27.  Through counsel's inadvertence, Plaintiff failed to make Rule 26(a)(1) disclosures during the discovery period.  Defendant did not complain about the omission until two weeks after the discovery period had ended, warning then that it would seek sanctions.  Doc. 52, p. 10 on ECF, exhibit 2.  The next day, Plaintiff moved to enlarge the time for serving its Rule 26(a)(1) disclosures, doc. 52, as supplemented, doc. 54, and served the disclosures.  Defendant moved to strike the complaint or to preclude Plaintiff from introducing evidence at trial.  Doc. 57.  Both sides have responded.  Docs. 66 and 67.

Plaintiff's motion should be granted and Defendant's motion be denied.  No harm

has occurred to Defendant and the lack of disclosures was caused by a simple mistake.

FED. R. CIV. P. 37(c)(1) provides:

> **(1) Failure to Disclose or Supplement**.  If a party fails to provide
> information or identify a witness as required by Rule 26(a) or (e), the party
> is not allowed to use that information or witness to supply evidence on a
> motion, at a hearing, or at a trial, *unless the failure was substantially
> justified or is harmless*.  In addition to or instead of this sanction, the court,
> on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's
> fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders
> listed in Rule 37(b)(2)(A)(i)-(vi).

(Emphasis added.)  The Advisory Committee Notes for the 1993 Amendments provide

in relevant part:

> Subdivision (c).  The revision provides a *self-executing* sanction for failure
> to make a disclosure required by Rule 26(a), without need for a motion
> under subdivision (a)(2)(A).
>
> Paragraph (1) prevents a party from using as evidence any witnesses or
> information that, without substantial justification, has not been disclosed
> as required by Rules 26(a) and 26(e)(1).  This *automatic* sanction provides
> a strong inducement for disclosure of material that the disclosing party
> would expect to use as evidence, whether at a trial, at a hearing, or on a
> motion, such as one under Rule 56.  As disclosure of evidence offered
> solely for impeachment purposes is not required under those rules, this
> preclusion sanction likewise does not apply to that evidence.
>
> *Limiting the automatic sanction to violations "without substantial
> justification," coupled with the exception for violations that are "harmless,"
> is needed to avoid unduly harsh penalties in a variety of situations: e.g.,
> the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of
> a potential witness known to all parties; the failure to list as a trial witness
> a person so listed by another party; or the lack of knowledge of a pro se
> litigant of the requirement to make disclosures.  In the latter situation,*

*however, exclusion would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party.*

          \*                    \*               \*

(Emphasis added.)

Some courts have held that the penalty for failure to make Rule 26(a)(1) disclosures is automatic or "near automatic" absent "substantial justification" and a showing of a lack of harm to the opposing party. Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996); Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 20 (1st Cir. 2001). The Second Circuit finds that the sanction is not necessarily "automatic" because the district court has discretion to impose it, noting that Rule 37(c) provides that "[i]n addition to *or in lieu of* this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Design Strategy, Inc. v. Davis, 469 F.3d 284, 298 (2nd Cir. 2006) (emphasis added). The Second Circuit is the more persuasive of these cases, as it gives full effect to the plain language of the Rule and the exception provided in the Notes. *See also* Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 156 (3rd Cir.1995) (although the rule is written in mandatory terms, the court retains discretion).

Sanctions "should not be imposed if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless." Newman, 60 F.3d at 156 (3rd Cir. 1995).[1] Combining these questions, the Fourth Circuit has said that:

---

[1] A motion is "substantially justified" for purposes of Rule 37(a) if "it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.' " Devaney v. Continental American Insurance Co., 989 F.2d 1154, 1163 (11th Cir. 1993), *quoting,* Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (interpreting the same phrase in the Equal Access to Justice Act in the same way).

> [I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th

Cir. 2003).

Even if substantial justification is lacking, no sanction should be imposed if no

harm has occurred to Defendant.  A "harmless" error is one where one party made an

honest mistake and the other had sufficient knowledge of it:

> We also note Roberts's counsel knew that they had not received these disclosures and waited for five months to voice an objection.  Roberts apparently never asked for any of these documents in that time period, and never made a motion to compel disclosure under Rule 37(a)(2)(A). The fact that Roberts knew of the lack of disclosures and Galen apparently did not may suggest that these violations should be considered substantially justified or harmless. *Vaughn v. City of Lebanon*, 18 Fed.Appx. 252, 264 (6th Cir.2001) (noting that commentary to Rule 37(c)(1) strongly suggests that [a] harmless [violation] involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party) (citation omitted); see also FED. R. CIV. P. 37(c)(1) advisory committee's note (1993) (giving as an example of a harmless violation the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties).

Roberts ex rel. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 783 (6th Cir. 2003)

(quotation marks omitted).

Plaintiff has shown that the error here was harmless, and Defendant has not shown otherwise.  Accordingly, it is **RECOMMENDED** that Plaintiff's motion for an extension of time, docs. 52 and 54, be **GRANTED** and Defendant's motion to strike the complaint or to preclude all evidence at trial, doc. 57, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 20, 2008.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**